UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE ARCAND,

                    Plaintiff,

          v.

CATALYST BRANDS LLC,

                    Defendants.

CASE NO. 2:25-cv-01445-DGE

ORDER GRANTING IN PART
MOTION TO STAY ACTION
PENDING RESOLUTION OF
APPEALS IN RELATED
MATTERS (DKT. NO. 13)

This matter comes before the Court on Defendants' motion to stay action pending resolution of appeals in related matters.  (Dkt. No. 13.)  Having considered the motion, Plaintiff's response in opposition (Dkt. No. 17), and Defendants' reply in support (Dkt. No. 27), the Court GRANTS IN PART the motion and ORDERS a stay pending the Ninth Circuit's decision in *Close v. Penney OpCo, LLC*, 787 F. Supp. 3d 1166, *appeal docketed*, No. 25-4181 (9th Cir. July 7, 2025).

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 1

# I     BACKGROUND

On August 5, 2025, Plaintiff Julie Arcand filed an amended complaint against Defendants Catalyst Brands LLC[1] and Penney OpCo, LLC (together, "JCPenney" or "Defendants"), alleging that "[f]or years, JCPenney has engaged in a massive false discount advertising scheme across more than 90% of its products on the JCPenney website and in its retail stores." (Dkt. No. 4 at 2.)  Plaintiff alleges that between 2021 and 2025, JCPenney transmitted numerous commercial emails with falsely advertised discounts and "free" offers to her and other consumers in Washington. (*Id.* at 2–3, 12, 33–35.)  Plaintiff seeks individual relief and relief on behalf of a proposed class of Washington consumers who received an email from JCPenney which falsely advertised either a percentage-off sale or a "free" offer. (*Id.* at 16.)  She brings causes of action under the Washington Consumer Protection Act (WCPA) and the Washington Commercial Electronic Mail Act (CEMA) and seeks injunctive relief and money damages. (*Id.* at 18–25.)

On September 18, 2025, Defendants moved to compel arbitration, asserting that because Plaintiff is a JCPenney Rewards member and had agreed to be bound by the arbitration provision in JCPenney's Rewards Program, this dispute must be pursued in arbitration. (Dkt. No. 12 at 2.)  Defendants also moved to stay this case pending resolution of appeals in *Close v. Penney OpCo, LLC* and *Montes v. Sparc Group, LLC*, 136 F.4th 1168 (9th Cir. 2025). (Dkt. No. 13.)

## A.  *Close v. Penney OpCo, LLC*

The plaintiff filed suit under WCPA against the defendant for an allegedly "deceptive pricing scheme" whereby JCPenney advertised sale prices along with reference prices that did not accurately reflect prices at which the goods had been sold. *Close*, 787 F. Supp. 3d at 1168–

---

[1] Plaintiff alleges Catalyst Brands LLC "is a limited liability company that was formed in January 2025 following a merger between SPARC Group LLC and Penney OpCo LLC," and is the "stated successor to Penney OpCo LLC." (Dkt. No. 4 at 4–5.)

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 2

1169.  JCPenney moved to compel arbitration because the plaintiff was a JCPenney Rewards member and was bound by the arbitration provision, and because the plaintiff purchased a bag on the JCPenney website, which included a link to terms and conditions containing an arbitration agreement.  *Id.*  This Court denied the motion to compel arbitration, concluding that the arbitration provision within the Rewards Program was illusory under Texas law, that the Court was entitled to make the decision on arbitrability, and that the plaintiff's claims did not fall within the scope of the arbitration provision.  *Id.* at 1170–1173.

### B.  *Montes v. Sparc Grp., LLC*

The *Montes* lawsuit is based on allegations of false discounting scheme in which the plaintiff alleged that the defendant violated the WCPA by representing to consumers that clothing items for sale were "deeply discounted prices when in fact they had not been discounted at all."  *Montes*, 136 F.4th at 1169.  The plaintiff alleged injury under the WCPA because she purchased a pair of leggings at a misrepresented price.  *Id.* at 1170.  The Ninth Circuit certified the following question to the Washington Supreme Court: "When a seller advertises a product's price, coupled with a misrepresentation about the product's discounted price, comparative price, or price history, does a consumer who purchases the product because of the misrepresentation suffer an 'injur[y] in his or her business or property' under [Washington Revised Code] §§ 19.86.020 and 19.86.090 if the consumer pays the advertised price?"  *Id.* at 1171.

### II      DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This power includes staying an action "pending resolution of independent proceedings which bear upon the case."

*Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979), *cert denied*, 444 U.S. 827 (1979)).  To determine whether a stay is appropriate, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).  Among those competing interests are (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Id.*  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–434 (2009).  The moving party additionally bears the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *CMAX, Inc.*, 300 F.2d at 255.

### A.  Stay Not Warranted Based on *Montes*

The Court DENIES entry of stay based on *Montes*.  (Dkt. No. 13 at 5.)  *Montes* contends with a different question than at issue in this case, i.e., whether a consumer who purchases a product because of a misrepresentation suffers an injury under the WCPA.  Unlike the plaintiffs in *Close and Montes*, Plaintiff does not contend she suffered an injury under the WCPA because she was induced to purchase a product due to Defendants' misrepresentations.  Instead, Plaintiff's WCPA claim is based exclusively on a violation of CEMA, which Plaintiff alleges constitutes a *per se* violation of the WCPA.  (Dkt. No. 1 at 19–21.)  Because a decision in *Montes* is not likely to streamline any issues in the instant case, the Court DENIES the request to stay based on *Montes*.

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 4

**B. Stay Based on *Close* is Warranted**

1. <u>Possible Damage Resulting from Granting a Stay</u>

Defendants argue no prejudice would result from a stay (Dkt. No. 13 at 6–7), while Plaintiff argues she would be damaged because "[s]he will not be able to resolve her claims (whether in court or in arbitration) in the timely and effective manner promised by Fed. R. Civ 1 or by the FAA." (Dkt. No. 17 at 7.)

The Court agrees with Plaintiff that a stay would delay the instant litigation. However, any delay is unlikely to be indefinite. The Ninth Circuit has held that "lengthy and indefinite stays" weigh against granting a stay because they "place a plaintiff effectively out of court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). Here, two of the briefing deadlines in the *Close* appeal have already passed— JCPenney filed an opening brief on October 17, 2025, Plaintiff filed an answering brief on January 16, 2026, and an optional reply brief is due 21 days after service of the answering brief. (Dkt. No. 18 at 2.) These deadlines provide sufficiently definite markers, even if the Ninth Circuit has not yet set a date for oral argument. Furthermore, it is extremely unlikely to be the kind of lengthy delay that counsels against entry of a stay. *See Blue Cross & Blue Shield of Ala.*, 490 F.3d at 724 (finding a potential delay of five or six years, or longer, as "indefinite" and "lengthy").

Additionally, the case is in the early stages of litigation, very little substantive work has been done in this case, and there are no immediately pressing deadlines or trial dates. "Put simply, '[c]onsidering the substantial amount of work that lies ahead of both parties,' the Court finds that this case is still in the early stages, and thus this factor 'strongly favors' granting a stay. *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C-14-3348 EMC, 2015 WL 1006582, at *2 (N.D.

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 5

Cal. Mar. 6, 2015) (quoting *Evolutionary Intel. LLC v. Millenial Media, Inc.* No.5:13-CV-04206 EJD, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014).

Even if Plaintiff may suffer some prejudice from a stay, the harm is not so great as to deny a stay.  Therefore, this factor weighs in favor of Defendants' request.

**2.**   Hardship or Inequity Suffered from Being Required to Go Forward

Defendants argue that they will suffer hardship without a stay because they will be forced to engage in duplicative litigation without input from the Ninth Circuit.  (Dkt. No. 13 at 7.)

"[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'"  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).  However, courts routinely grant stays in complex cases when a forthcoming appellate decision could reverse the proceedings below and require the lower court to "consider [the] issue twice." *Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (granting stay in "large class action," which "could be rendered moot" by a pending appellate ruling).  The overlap between the merits of Plaintiff's claims and Defendants' challenges presented on appeal indicates that the Ninth Circuit's decision in *Close* will likely streamline the issues the parties must litigate moving forward in this action. *See Herbalife Int'l of Am. Inc. v. Ford*, No. CV072529GAFFMOX, 2008 WL 11491587, at *2 (C.D. Cal. Mar. 12, 2008) ("Any determination from the Circuit, one way or the other, will go far in streamlining the case.").

The instant case involves a substantially similar arbitration agreement to what has been appealed in *Close*.  A Ninth Circuit ruling in either party's favor on the terms of the contract, whether arbitrability has been delegated to an arbitrator, and whether the plaintiff's claims fall within the scope of the arbitration provision will inform this Court's consideration of

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 6

Defendants' motion to compel arbitration.  Thus, the Ninth Circuit proceedings will almost certainly simplify the issues in this case and serve the goal of advancing judicial efficiency. Accordingly, the second factor also weighs in favor of an entry of stay as to the *Close* appeal.

### 3.  Orderly Course of Justice, Simplifying the Issues and Questions of Law

Finally, Defendants argue that a stay is appropriate because the *Close* appeal is substantially similar to the instant case and would narrow the issues that must be determined. (Dkt. No. 13 at 5–8.)

Whether disposition of a related case would "narrow the issues in the pending cases and assist in the determination of the questions of law involved" is relevant under this factor.  *Landis*, 299 U.S. at 253.  Here, it is possible—and perhaps even likely—that a decision in the *Close* appeal will narrow the issues in the instant case.  In *Close*, this Court denied the motion to compel arbitration (1) because the Rewards Program arbitration agreement was illusory and did not cover the plaintiff's claims, and (2) the plaintiff did not have notice of the JCPenney website's terms and conditions arbitration agreement, and thus there was no agreement to arbitrate.  *Close*, 787 F. Supp. 3d at 1171–1174.  The Rewards Program arbitration agreement in *Close* is nearly identical to the Rewards Program arbitration agreement in this matter.  (*Compare* Dkt. No. 12-3, 12-4 *with Close*, 787 F. Supp. 3d at 1170–1171.)  While the causes of action in *Close* and this matter are different, any guidance from the Ninth Circuit as to whether the arbitration agreement in *Close* is illusory or required delegation to an arbitrator is relevant to this instant case.[2]

---

[2] Plaintiff argues the Ninth Circuit "may, for example, simply hold that Ms. Close's claims are outside the scope of the relevant arbitration clause and decline to reach the illusoriness issue." (Dkt. No. 17 at 6.)  However, "[f]irst, a court must resolve any challenge that an agreement to arbitrate was never formed, even in the presence of a delegation clause."  *Caremark, LLC v.*

ORDER GRANTING IN PART MOTION TO STAY ACTION PENDING RESOLUTION OF APPEALS IN RELATED MATTERS (DKT. NO. 13) - 7

A decision on the merits in the *Close* appeal will hold precedential value.[3]  Therefore, a stay avoids the risk of relitigating the entire case a second time and is the most efficient course of action.  In sum, all three factors weight in favor of entry of a stay.

### III    CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' motion to stay (Dkt. No. 13) is GRANTED IN PART.  This matter is STAYED pending the Ninth Circuit's decision in *Close v. Penney OpCo, LLC*, *appeal docketed*, No. 25-4181 (9th Cir. July 7, 2025).  The parties are ordered to file a joint report on the status of the case every 90 days, and within 10 days of the case being resolved.

The motion to compel arbitration (Dkt. No. 12) is DENIED without prejudice but may be re-filed after the stay in this matter has been lifted.

Dated this 10th day of February, 2026.



David G. Estudillo
United States District Judge

---

*Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022).  "That principle follows from the fundamental premise that arbitration is strictly a matter of consent."  *Id.* (internal quotation marks and citation omitted).

[3] The Court notes two other similar cases are before the Ninth Circuit: *Jones v. Penney Opco, LLC*, No. 2:24-CV-02468-DAD-AC, 2025 WL 2180560 (E.D. Cal. Aug. 1, 2025) (finding JCPenney's Reward Program Terms and Conditions did not delegate arbitrability to the arbitrator and the arbitration agreement did not cover the plaintiff's claims), *appeal docketed*, No. 25-5634 (9th Cir. Sept. 5, 2025) and *Gamble v. Penney Opco LLC,* 791 F. Supp. 3d 1203, 1206, 1215–1216 (D. Or. 2025) (the plaintiff argued the defendant violated Oregon's Unlawful Trade Practices Act by conducting "a massive false discount advertising scheme across nearly all of its products" and the court held the JCPenney Rewards Program arbitration agreement did not cover plaintiff's claims), *appeal docketed*, No. 25-4343 (9th Cir. July 15, 2025).